# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

          Plaintiff,    :    Case No. 3:21-cr-095
                                      Civil Case No. 3:23-cv-360

                                      District Judge Walter H. Rice
- vs -                             Magistrate Judge Michael R. Merz

JERMAINE TREADWELL,

          Defendant.    :

---

## REPORT AND RECOMMENDATIONS

---

This criminal case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 49). District Judge Walter H. Rice, to whom the case is assigned, has referred the Motion to Vacate to the undersigned for a report and recommendations, as authorized by 28 U.S.C. § 636(b), Fed.R.Civ.P. 72(b), and Amended General Order 22-05 (ECF No. 55).

**Litigation History**

Defendant was indicted on July 27, 2021, and charged with one count of possessing cocaine with intent to distribute in violation of 21 U.S.C. §§ 84l(a)(l) and (b)(l)(C)(Count One) and one count of possessing a firearm having previously been convicted of a felony in violation of 18

1

U.S.C. §§ 922(g)(l) and 924(a)(2)(Indictment, ECF No. 20). On October 12, 2021, Defendant entered into a Plea Agreement with the United States under which he would plead guilty to Count One in return for dismissal of Count Two (Plea Agreement, ECF No. 25). The parties agreed to a sentence of not more than the bottom of the Sentencing Guideline Range. *Id.* at PageID 69.

On October 4, 2021, after conducting the required plea colloquy, Judge Rice accepted Defendant's plea of guilty to Count One (Minute Entry ECF No. 23). However, Judge Rice rejected the Plea Agreement (Decision and Entry, ECF No. 37). Having reviewed the Probation Department's Presentence Investigation Report, Judge Rice sustained both objections to it (Minutes, June 28, 2022). Then on September 8, 2022, he sentenced Defendant to fifty-seven months imprisonment (Judgment, ECF No. 42). Defendant took no appeal, but next filed the instant Motion to Vacate (ECF No. 49).

Defendant pleads the following grounds for relief:

**Ground One: Ineffective Assistance of Trial Counsel**

Defendant asserts his trial attorney provided ineffective assistance of trial counsel by not arguing for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), challenging the accuracy of the search warrant affiant's surveillance report that he observed Treadwell conduct a car-to-car narcotics transaction is "false and made with reckless disregard of the truth." (Motion, ECF No. 49, PageID 257).

**Ground Two: Ineffective Assistance Of Trial Counsel In Failing To File A Motion To Suppress Because The Search In Violated The Fourth Amendment Because The Search Warrant Does Not Show Probable Cause**

Defendant asserts the search warrant that resulted in the seized evidence in this case (drugs and guns) does not show probable cause because the confidential informant did not mention Location 1, the location at which the seizure was made. *Id.* at PageID 259.

## Analysis

Both Grounds for Relief assert violations of Defendant's Sixth Amendment right to the effective assistance of an attorney. Neither ground was raised on direct appeal because no appeal was taken. Nor were the underlying asserted Fourth Amendment violations raised there for the same reason. However, the Sixth Circuit prefers claims of ineffective assistance of trial counsel to be raised by motion to vacate under § 2255. Therefore procedural default doctrine does not bar the 2255 motion even if the issue could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500 (2003); *United States v. Neuhausser*, 241 F.3d 460 (6th Cir. 2001); *United States v. Fortson,* 194 F.3d 730, 736 (6th Cir. 1999).

Although the Motion to Vacate was docketed March 29, 2023, the Court has not yet conducted the initial screening required by Rule 4 of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other

>response within a fixed time, or take other action the judge may order.

**Statute of Limitations**

The preliminary examination raises the question whether the Motion is barred by the statute of limitations. 28 U.S.C. § 2255(f) provides:

>A one-year statute of limitations shall apply to a motion under this section. The limitations period shall run from the latest of –
>
>(1) the date on which the judgment of conviction becomes final;
>
>(2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The standard form for motions to vacate appended to the Rules contains as Item 18

>18  TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U. S.C. § 2255 does not bar your motion.

Defendant responded:

>During my whole pre-trial process, I never saw the evidence held on me or any of the surveillance photos that where [sic] submitted. It was not until March 2023 when I decided to file the 2255 motion

4

and requested all the evidence against me and then that's when I discovered the evidence accused of me. My attorney never presented this to me; only told me to take the plea because they had evidence of me drug trafficking and it was the best plea. My plea was denied by the judge and after being incarcerated I hire another person to help file my 2255 motion. Paralegal Terri Pickle who got consent from Slicer Law Office to assist me in filing my motion. I went to the SHU June 13, 2023, and lost all legal work due to my detain [sic] and I wrote to Terri Pickle to file for an extension to file the 2255 motion and was told by her that she got the extension filed until I was released from the SHU. On November 7, 2023, I was released and contact[ed] the clerk of court in Dayton and was told no one filed for an extension of the 2255 motion, but I gave direct orders to my legal team and I also contact[ed] Slicer Law Office who also said he told Terri Pickle to file for an extension due to my unability [sic] correctly argue my claims. I ask the court to file this 2255 motion due to the ineffective [sic] of counsel retained in March 2023 and due to me just now discovering the evidence against me as of March 202[3] supporting my claims that wasn't presented to me previously.

(Motion, ECF No. 49, PageID 266).

The judgment of conviction in this case became final when Defendant failed to appeal and his time to do so expired, to wit, September 22, 2022 (See Fed. R. App. P. 4(b)(1)(A)). On this calculation, the statute of limitations expired September 22, 2023.

Defendant may be attempting to claim a later starting date for the statute by his assertion that he did not discover the evidence of which he complains until March 2023. However, it was in the hands of his trial attorney Ben Swift and he could have asked for it at any time. The exercise of due diligence would have required him to ask well before March 2023. The time limit under 28 U.S.C. § 2255(f)(4) runs from when the evidence could have been discovered with the exercise of due diligence, not when it was actually discovered.

5

Defendant claims his failure to file on time is excused by the ineffective assistance of counsel he asserts he received from the Slicer Law Office. However, defendants are entitled to the effective assistance of counsel only at trial and on direct appeal. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). Ineffective assistance of counsel can excuse procedural default, including failure to meet the statute of limitations, only when it occurs in a proceeding where a defendant is constitutionally entitled to counsel under the Sixth Amendment. *Wainwright v. Torna*, 455 U.S. 586 (1982)(where there is no constitutional right to counsel there can be no deprivation of effective counsel); *Riggins v. Turner*, 1997 U.S. App. LEXIS 6115, *5 (6th Cir. 1997); *Barkley v. Konteh*, 240 F. Supp. 2d 708, 714 (N.D. Ohio 2002).

Additionally, any application for extension of time to file made by him or on his behalf would have been rejected because the district courts do not have authority to extend the statute of limitations. *United States v. Asakevich*, 810 F.3d 418 (6th Cir. 2016).

Defendant avers under penalty of perjury that he placed the Motion to Vacate in the prison mail system on November 28, 2023 (ECF No. 49, PageID 267). Assuming the accuracy of that averment, he is entitled to that date as the date of filing. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). However, that date is more than sixty days after expiration of the statute of limitations.

On the face of the record as it now stands, the motion to Vacate is barred by the statute of limitations. However, the statute is subject to equitable tolling which a movant has the burden of establishing. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250 (2016); *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011),

quoting *Holland*, 130 S. Ct. at 2562, quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe*, 577 U.S. 250, citing *Holland* (emphasis sic).  If Defendant wishes to claim the benefit of equitable tolling, he must make his case for it in any objections he files to this Report.

**Merits**

Even if Defendant can overcome the barrier of the statute of limitations, he must still persuade the Court that his Motion to Vacate has merit.  Therefore the Magistrate Judge offers this alternative analysis of the merits of Defendant's claims.

Both grounds for relief claim ineffective assistance of trial counsel.  The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice.  *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;  that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694.  *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v.*

8

> *Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id*., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

Defendant's First Ground for Relief asserts ineffective assistance of trial counsel for failure to file for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). Under *Franks*, a party may challenge the veracity of a search warrant affidavit only upon a substantial preliminary showing that a false statement was included knowingly and intentionally or with reckless disregard for its truth and that the allegedly false statement was necessary for a finding of probable cause. The *Franks* doctrine applies to omissions as well as statements. *United States v. Bonds,* 12 F.3d 540, 568-69 (6th Cir. 1993). However, it is much rarer for omissions to warrant a hearing. *United States v. Atkins*, 107 F.3d 1213, 1217 (6th Cir. 1997).

The Motion to Vacate as its stands does not satisfy the preliminary showing requirement. Defendant challenges the inferences to be drawn from the affiants' observations (e.g. that a car-to-car narcotics transaction was taking place) rather than the underlying report of observations. Unless Defendant can establish that the affiant did not see what the affidavit says was seen or that the affiant knew that what he saw was not a car-to-car narcotics transaction, he would not have been entitled to a *Franks* hearing. Moreover, to prevail on an ineffective assistance of trial counsel claim with regard to the *Franks* hearing issue, Defendant must establish that foregoing a *Franks*

hearing was not the exercise of sound professional judgment and that doing so prejudiced him. Those conclusions are not evident from the face of the Motion to Vacate.

The same is true of Ground Two. The Magistrate Judge cannot judge even the facial plausibility of Ground Two because the search warrant is not part of the record before the Court. The burden of proof is on Defendant to show ineffective assistance of trial counsel and he has failed to do so.

**Certificate of Appealability**

The Court is obliged to include in any final judgment on the Motion to Vacate its determination of whether to issue a certificate of appealability. Rule 11, Rules Governing § 2255 Proceedings. If Defendant objects to this Report, he must include in his objections or in a separate motion filed at the same time a request for a certificate of appealability.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Motion to Vacate be dismissed with prejudice.

May 15, 2024.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such

objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
